**UNITED STATES of America,**
**Appellee,**

v.

**Taiwo ADEKANBI, aka Taiye, Ademilola Ogunmokun, aka Jimmy, aka Aburo, aka Olasupo Ogunmokun, Defendants,**

**Kay Oyewumi, Fnu Lnu, aka Tony McKinnon, aka Reginal Davis, aka Saeed, Tunde Ogunrinka, aka Baba Tolani, Defendants–Appellants.**

**Nos. 10–3427–cr, 10–3911–cr, 10–4035–cr.**

United States Court of Appeals,
Second Circuit.

March 29, 2012.

See also 675 F.3d 178.

Steven R. Peikin (Alexander J. Willscher, Allison Caffarone, on the brief), Sullivan & Cromwell, New York, NY, for appellant, Fnu Lnu a/k/a Tony McKinnon a/k/a Reginal Davis a/k/a Saeed.

Thomas F.X. Dunn, New York, NY, for appellant Tunde Ogunrinka, a/k/a Baba Tolani.

Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY, for Appellant, Kay Oyewumi.

Daniel S. Goldman, Assistant United States Attorney, (Katherine Polk Failla,

Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for appellee.

PRESENT: RICHARD C. WESLEY, SUSAN L. CARNEY, Circuit Judges, MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Defendants Ogunrinka, Oyewumi, and Fnu Lnu a/k/a Saeed appeal from judgments of conviction entered on September 28, 2010, in the United States District Court for the Southern District of New York, following a seven-day jury trial before the Honorable Richard J. Sullivan. We address Fnu Lnu's appeal in a separate Per Curiam opinion filed contemporaneously with this Summary Order.

Here we address only the appeals of Ogunrinka and Oyewumi. In Oyewumi's case, defense counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government has moved to dismiss Oyewumi's appeal based on the appeal waiver contained in his plea agreement, and, in the alternative, for summary affirmance of Oyewumi's conviction and sentence. Ogunrinka appeals his sentences as being procedurally and substantively unreasonable.

We assume the parties' familiarity with the underlying facts and procedural history of this case.

1. *Ogunrinka's Fifth and Sixth Amendment Claims*

Appellant Ogunrinka argues that the district court violated his Sixth Amendment right to a trial by jury and his Fifth

---

* Judge Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Amendment Due Process rights because the district court based Ogunrinka's sentence on its finding that a preponderance of the evidence established that Ogunrinka was responsible for between 100 and 400 grams of heroin. At trial, applying a reasonable doubt standard, the jury found that Ogunrinka was responsible for less than 100 grams of heroin.

The district court committed no constitutional or legal errors in using the preponderance of the evidence standard in calculating the drug quantity involved in Ogunrinka's criminal conduct and thereafter sentencing defendant accordingly. *See United States v. Vaughn,* 430 F.3d 518, 525 (2d Cir.2005). We therefore affirm the district court's sentence of 63 months' imprisonment.

#### 2. *Ogunrinka's U.S.S.G. § 3B1.2 Claim*

Ogunrinka also contends that the district court erred in declining to impose a "minor role" reduction pursuant to section 3B1.2(b). To be eligible for a minor role adjustment, "the defendant's conduct must be minor or minimal as compared to the average participant in such a crime." *United States v. Carpenter,* 252 F.3d 230, 235 (2d Cir.2001) (internal quotation marks omitted). The district court's findings of fact were well-founded in the record. We find no error in the court's decision that Ogunrinka was not a minor participant in the conspiracy.

Based on the foregoing, we find Ogunrinka's 63–month sentence was both procedurally and substantively reasonable.

#### 3. *Oye wumi*

Mary Anne Wirth moves to be relieved as counsel for Kay Oyewumi, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government moves to dismiss Oyewumi's appeal, or in the alternative, for summary affirmance. Because we find that Oye-

wumi's plea agreement included a valid waiver of his right to appeal a within-Guidelines sentence, we grant Wirth's motion to be relieved as counsel and grant the government's motion to dismiss Oyewumi's appeal.

For the foregoing reasons, the judgment of the district court with regard to both Ogunrinka and Oyewumi is **AFFIRMED.** This summary order disposes of Mary Anne Wirth's Anders Motion as well as the Government's motion for summary affirmance or dismissal of Oyewumi's appeal. Both pending motions are therefore moot.